**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JASON SMITH, <br><br>        Plaintiffs, <br><br><br> v. <br><br><br><br> ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, <br><br><br><br>        Defendant. | Case No: |

## COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

COMES NOW Plaintiff, JASON SMITH, and files this, his Renewal Complaint against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and shows the Court as follows:

## INTRODUCTION

Jason Smith was the victim of a robbery on December 3, 2023, during which multiple valuable pieces of jewelry were stolen from him. These items were covered under the "Scheduled Personal Property Coverage" in his homeowner's insurance policy with Allstate, a policy he had faithfully maintained for years. Jason promptly filed a claim for the stolen jewelry, and, shockingly, after assuring him that his claim

would be paid, Allstate waited two whole months before sending him a letter requesting additional information—much of which he had already provided. On February 21, 2024, just a week after receiving the letter, Jason resent all the requested information. Yet despite his full cooperation, Allstate has subjected Jason to months of unjustified and frustrating delays in paying the claim. And through its intransigence, Allstate has not only breached its contract but has effectively re-victimized Jason with its bad faith actions. After more than ten months with no resolution, Jason now turns to this Court for justice and to hold Allstate accountable.

## JURISDICTION AND VENUE

1.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Jason Smith is a citizen of the State of Georgia. Defendant Allstate Fire and Casualty Company, ("Allstate") is an insurance company that is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois, and is therefore a citizen of Illinois for purposes of diversity jurisdiction. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, the insurance policy at issue was issued to insure property located in this District, and Defendant conducts business

in this District. The Defendant may be served with this Complaint by service upon its registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805, and is subject to the jurisdiction and venue of this Court. Subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **FACTUAL BACKGROUND**

2.

Plaintiff Jason Smith was, at all times relevant to this lawsuit, a resident of Fulton County, Georgia, residing at 1483 Jones Rd., Roswell, GA 30075.

3.

Jason purchased a homeowner's insurance policy for his Roswell home, Policy No. 845315446 (the "Policy"), which was active on the date of the robbery and remains active to this day.

4.

In addition to standard homeowner's insurance coverage, Jason paid an additional fee for "Scheduled Personal Property Coverage", which specifically insures certain valuable items, including jewelry, against loss or theft at specified values.

5.

Jason's coverage includes items that are insured for a total value of $335,227.00 with the additional fee calculated based on this amount.

6.

On or about December 3, 2023, while staying at a hotel during a work trip to Charlotte, North Carolina, Jason was drugged and robbed by Brittney G. Scott. Upon regaining consciousness, he immediately reported the theft to the police. The stolen items, which were covered under his Policy, included:

a) AUDEMARS PIGUET STAINLESS STEEL DIAMOND WATCH valued at $87,403.00
b) 10KT ROSE GOLD DIAMOND NECKLACE valued at $66,441.00
c) 10KT YELLOW GOLD DIAMOND NECKLACE valued at $52,500.00
d) 10KT YELLOW & WHITE GOLD DIAMOND NECKLACE valued at $24,354.00
e) 10KT YELLOW GOLD DIAMOND BRACELET valued at $34,500.00

These items have a combined value of $265,198.00.

7.

Jason immediately filed an insurance claim with Allstate, expecting reasonable reimbursement under his Policy for the $265,198.00 in stolen items.

8.

On December 20, 2023, Allstate sent Jason a letter stating that it expected to settle the claim in "30 days or sooner." This promise went unfulfilled as Allstate took virtually no action for the next two months.

9.

On February 13, 2024, Allstate requested additional information, much of which Jason had already provided. On February 21, 2024, Jason promptly complied, resending all the requested information.

10.

On March 18, 2024, Allstate informed Jason that the investigation into the loss was still ongoing and that it was "determining the coverages available." Allstate also stated it would update Jason on the status of his claim every 30 days until it was resolved.

11.

On or about April 18, 2024, Jason was deposed by an Allstate lawyer that spent little time inquiring about the robbery of Jason's items, and reviewed documentation submitted by Jason about the value of the items that are covered under his policy.

12.

Jason received the exact same message on June 14, 2024, that he had received in March. This message also included the same false promise that Jason would be updated every thirty days.

13.

On September 11, 2024, nearly ten months after the initial claim was filed, Allstate informed Jason once again that the investigation was ongoing and assured him the claim would be completed within 14 days.

14.

On the fifteenth day, instead of receiving a resolution, Jason was met with an entirely new set of unrelated questions concerning the deposition that took place six months earlier in April.

15.

On February 13, 2025, Jason's counsel sent a second Official Bad Faith Notice Under O.C.G.A. § 33-4-6 (original notice sent on October 14, 2024). In this correspondence, Allstate was again notified of the nature of the claim, its bad faith conduct, and Jason's demand for payment for his claim. Still, Allstate refused to evaluate and adjust Jason's claim in good faith.

16.

On or about May 6, 2025, Brittney G. Scott was arrested in Miami, Dade County, Florida, and charged with Grand Theft in the 3rd degree, Burglary w/ Assault or Battery, Grand Theft in the 2nd degree, and Grand Theft in the 1st degree for criminal acts nearly identical in nature to those she carried out against Jason.

17.

Upon obtaining this information, Jason's counsel immediately notified Allstate's counsel about the arrest. The arrest should have prompted Allstate to reevaluate Jason's claims on the merits. Instead, Allstate ignored Jason's counsel's email and the claim remained denied.

18.

Allstate has demonstrated a persistent unwillingness to honor its contractual obligations to Jason, failing to follow through on repeated promises throughout its so-called investigation.

19.

Now, over ten months after the robbery and the filing of his claim, Jason has lost all confidence in Allstate's willingness to fairly and faithfully resolve his claim. He has no choice but to file this lawsuit to hold Allstate accountable for its obligations under the Policy.

## COUNT I
## BREACH OF CONTRACT

20.

Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21.

Jason had an active homeowner's insurance policy with Allstate, which included specific coverage for the stolen jewelry under the "Scheduled Personal Property Coverage" provision.

22.

Allstate breached its contract with Jason by failing to timely and properly process his claim and by unjustifiably delaying payment on the covered loss.

23.

As a result of Allstate's breach, Jason has suffered financial harm and is entitled to damages in the amount of the stolen items, $265,198.00 plus interest, and additional damages for the breach.

## COUNT II
## DECLARATORY JUDGMENT

24.

Plaintiffs hereby incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25.

Jason seeks a declaratory judgment from this Court confirming that the items of jewelry stolen during the December 3, 2023, robbery are covered under the "Scheduled Personal Property Coverage" in his Policy with Allstate

26.

Jason requests that the Court declare that Allstate is obligated to pay the full value of the stolen items, totaling **$265,198.00** without further unjustified delay.

## COUNT III
## BAD FAITH PURSUANT TO O.C.G.A. § 33-4-6

27.

Plaintiffs hereby incorporates by reference the allegations set forth in paragraphs 1 through 26 above.

28.

Allstate has acted in bad faith in its investigation, evaluation, and adjustment of Jason's claim for loss.

29.

Allstate was provided with two separate official bad faith notices on October 14, 2024, and February 13, 2025, yet Allstate took no different action in its approach to evaluating the claim.

30.

Subsequently, Allstate was notified about the arrest and charges of Brittney G. Scott on substantially similar crimes to the ones she committed against Jason, yet Allstate refused reevaluate his claim or even acknowledge the new information.

31.

At all relevant times, this claim was covered by the applicable Policy.

32.

Jason made the demand for payment of the amount due under the policy to Allstate over sixty (60) days prior to filing the original lawsuit and this renewal complaint.

33.

Allstate's failure to pay was motivated by bad faith.

34.

Allstate is liable to Jason for bad faith damages.

## **PRAYER FOR RELEIF**

WHEREFORE, Jason respectfully requests that this Court:

a. Enter judgment in his favor on the claim for breach of contract, awarding $265,198.00 in damages, plus interest and any additional damages as deemed appropriate;

b. Enter a declaratory judgment confirming that the stolen items are covered under the Policy and directing Allstate to pay the full value of the stolen items; and,

c. Award attorney's fees, bad faith damages, costs, and any other relief this Court deems just and proper.

d. Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 9th day of January 2026.

Respectfully submitted,

**HONORE LAW, LLC**

*/s/ Alcide L. Honoré*

Alcide L. Honoré, Esq.
Georgia State Bar No. 012608
*Attorney for Plaintiff*

675 Ponce De Leon Ave. NE
Suite NE223
Atlanta, Georgia 30308
Ph.: (678) 888-4637
Email: ahonore@honorelaw.com

**SACKEY LAW, LLC**

*/s/ Jameson Sackey*

Jameson Sackey, Esq.
Georgia State Bar No. 584648
*Attorney for Plaintiff*

One Hartsfield Center
100 Hartsfield Centre Pkwy, Suite 500
Atlanta, Georgia 30354
Ph.: (678) 515-2002
Fx.: (678) 515-2191
Email: jsackey@sackeylawllc.com